IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TONY WHEELER,

                Plaintiff,

v.

UNIVERSAL RECYCLING
TECHNOLOGIES (URT) AND
DIANE HENDRICKS,

                Defendants.

OPINION AND ORDER

19-cv-720-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Tony Wheeler brings this lawsuit under Title VII of the Civil Rights Act of 1964, contending that his former employer, defendant Universal Recycling Technologies in Janesville, Wisconsin discriminated against him because of his race, color and national origin. (Plaintiff also names Diane Hendricks, the human resources manager, as a defendant, but only plaintiff's employer may be held liable under Title VII. Robinson v. Sappington, 351 F.3d 317, 332, n. 9 (7th Cir. 2003). Therefore, any reference to "defendant" in this opinion refers only to Universal Recycling Technologies.)

      Because plaintiff is proceeding without prepayment of the filing fee, his complaint must be screened under 28 U.S.C. § 1915(e) to determine whether any portion is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. As explained below, plaintiff's complaint does not contain enough information to support a claim under Title VII. Therefore, I will

1

dismiss the case without prejudice and give plaintiff an opportunity to file an amended complaint that contains more information.

OPINION

Plaintiff alleges that in July 2018, he was assaulted by another employee while working for defendant. The assault was recorded on video, and plaintiff asked defendant to review the video and take action against the perpetrator. Defendant told plaintiff that the video was inconclusive and that he needed to calm down. Defendant later gave plaintiff a corrective behavior notice and told him that he would be terminated if his "behavior" continued, even though plaintiff was not engaging in any inappropriate behavior. Plaintiff suffered depression and emotional distress as a result of the incident.

Plaintiff submitted his complaint on a standard complaint form for employment discrimination lawsuits. Under the section "the discriminatory conduct of which I complain in this action," plaintiff checked "unequal terms and conditions of my employment" and "retaliation." He also checked a box indicating that he was discriminated against on the basis of his race, color and national origin. (Plaintiff does not identify his race, color or national origin in his complaint.) It is not clear from plaintiff's allegations why he thinks he was retaliated against or subjected to unequal terms and conditions of employment.

To state a claim for retaliation under Title VII, a plaintiff must allege that he engaged in an activity protected by Title VII and his employer took an adverse action against him as a result. Alamo v. Bliss, 864 F.3d 541, 555 (7th Cir. 2017). For example, complaining to

2

management about race discrimination occurring in the workplace is an activity protected by Title VII. In this instance, plaintiff does not allege that he engaged in any activity protected by Title VII. He says only that he complained about being assaulted.

As for his claim that he was subjected to "unequal terms and conditions," plaintiff's allegations do not clarify what those conditions were. Does plaintiff think that his employer would have handled the assault differently if plaintiff had been a different race? Does plaintiff think he would not have received a corrective behavior notice if he was a different race? Plaintiff must explain what conditions were unfair and why he believes that the unfair conditions were related to his race, color or national origin.

Because plaintiff has failed to include allegations sufficient to state a claim under Title VII, I will dismiss his complaint with prejudice for failure to state a claim upon which relief may be granted. However, I will give plaintiff the opportunity to file an amended complaint that explains the factual basis for his claim more clearly. In his amended complaint, plaintiff should explain (1) what actions defendant took against plaintiff that plaintiff believes were discriminatory or in retaliation for activity protected by Title VII, and (2) why plaintiff believes defendant's actions were caused by defendant's race, color, national origin or protected conduct.

I note that plaintiff attached to his complaint the discrimination charge that he filed with the state employment agency. Dkt. #1-2. In that charge, plaintiff contended that he was terminated by defendant on the basis of his race. However, plaintiff has not included in his federal complaint any allegations or claims about his termination. If plaintiff is

seeking to proceed on a discrimination claim regarding his termination, he must clearly say so in his amended complaint.

ORDER

IT IS ORDERED that plaintiff Tony Wheeler's complaint DISMISSED without prejudice for its failure to state a claim on which relief may be granted. Plaintiff may have until March 18, 2020 to file an amended complaint as set forth above. If plaintiff does not file an amended complaint by March 18, 2020, the clerk of court is directed to close this case.

Entered this 26th day of February 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge