IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN M. YOUNG,

                                                OPINION AND ORDER

            Plaintiff,

                                                19-cv-994-bbc

     v.

DR. HEATHER SCHWENN, AUSTIN MELLEM,
SHAUN FUNK, CRYSTAL DICKEN, DUSTIN JAYNES,
ANDREW HULCE, MATTHEW SCULLION,
SHAWN GALLINGER, S. SCHNEIDER, DANIEL LEFFLER,
TAMMY WEST, JAIME ADAMS, PAIGE SCHROBILGE,
GARY WARD AND LEBBEUS BROWN,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Sean M. Young, who is incarcerated at Wisconsin Secure Program Facility, is proceeding on the following Eighth Amendment claims:

    (1) defendants Shaun Funk, Austin Mellem, Crystal Dicken and Dustin Jaynes for their failure to intervene when they saw plaintiff harming himself on August 22, 2019;

    (2) defendants Andrew Hulce, Dicken, Daniel Leffler and Paige Schrobilge forced him to walk through the hallway naked in front of male and female staff while they filmed him and laughed at him;

    (3) defendants Dr. Heather Schwenn, Matthew Scullion, Jaynes, Shawn Gallinger, S. Schneider, Leffler, Tammy West and Jaime Adams deprived plaintiff of bathroom breaks, range of motion exercises and all clothing but a security kilt and allowed him to remain in his urine and feces while he was restrained to his bed for 13 hours on August 22 and 23, 2019; and

    (4) defendants Schwenn, Leffler, Gary Ward and Lebbeus Brown forced plaintiff to remain in his own urine and feces without a shower or any other means of cleaning himself and provided nothing more than a security kilt for him to wear in his cold cell while he was on observation status from August 23

1

to 26, 2019.

(I have revised the caption to reflect defendants' full names and the correct spelling of their names.) Before the court is defendants' motion for partial summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies with respect to his self-harm claim against defendants Dicken, Funk and Jaynes (portion of claim no. 1); his claim regarding being forced to walk through the hallway naked (claim no. 2); and his claim that defendants gave him nothing but a security kilt while he was in a cold observation cell (a portion of claim no. 4). Also before the court are plaintiff's combined motion to compel discovery and motion to dismiss defendants Adams and Ward from this lawsuit, dkt. #25, and his motion for in camera inspection of audio and video footage, dkt. #30.

For the reasons below, I am granting defendants' motion for summary judgment with respect to plaintiff's claims that (1) he was forced to walk through the hallway naked (claim no. 2); and (2) defendants gave him nothing but a security kilt while he was in a cold observation cell (portion of claim no. 4). Because claim no. 2 is the only claim plaintiff has brought against defendants Andrew Hulce and Paige Schrobilge, those defendants will be dismissed. Defendants' motion will be denied with respect to plaintiff's self-harm claim against defendants Dicken, Funk and Jaynes. Plaintiff's motion to compel discovery and motion for in camera inspection of audio and video footage will be denied. Plaintiff's motion to dismiss defendants Adams and Ward will be granted as unopposed.

OPINION

A. <u>Exhaustion</u>

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," <u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, <u>Cannon v. Washington</u>, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, <u>Burrell v. Powers</u>, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." <u>Pozo</u>, 286 F.3d at 1025.  The purpose of these requirements is to give the jail or prison administrators a fair opportunity to resolve the grievance without litigation.  <u>Woodford v. Ngo</u>, 548 U.S. 81, 88–89 (2006).  A failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proved by the defendants.  <u>Davis v. Mason</u>, 881 F.3d 982, 985 (7th Cir. 2018).

In Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code Ch. DOC 310.  Wis. Admin. Code § DOC 310.05.  An inmate complaint must be filed within 14 calendar days after the occurrence giving rise to the complaint.  Wis. Admin. Code § DOC 310.07(2).  The complaint must contain sufficient information for the department to investigate and decide the complaint.  Wis. Admin. Code § DOC 310.07(6).

3

The facts relevant to defendants' motion are undisputed. Defendants have presented evidence showing that plaintiff filed only three inmate complaints potentially related to the issues in this case, but all of them concerned the failure to protect him from self-harm and the conditions of confinement to which he subsequently was subjected. Dkt. #20-2 (Aug. 29, 2019 complaint no. WSPF-2019-15199 about failure to prevent self-harm on Aug. 22, 2019); dkt. #20-3 (Aug. 29 and Sept. 3, 2019 complaint no. WSPF-2019-15365 about conditions of confinement while on bed restraints from Aug. 22-23); dkt. #20-4 (Sept. 9, 2019 complaint no. WSPF-2019-15763 about conditions of confinement during clinical observation from Aug. 23-26). Therefore, defendants seek dismissal of plaintiff's forced nudity claim no. 2 on exhaustion grounds. Plaintiff did not respond to defendants' argument that he failed to exhaust his claim regarding the forced nudity and there is no record of his doing so, so that claim will be dismissed. Because claim no. 2 is the only claim plaintiff has brought against defendants Andrew Hulce and Paige Schrobilge, those defendants will be dismissed.

Defendants also contend that plaintiff did not exhaust his self-harm claim against defendants Dicken, Funk or Jaynes because he did not complain about them in his grievance about that issue. In complaint no. WSPF-2019-15199, plaintiff stated that defendant Mellem and Officer Eder "displayed deliberate indifference when they purposely failed to prevent me from committing self-harm." Dkt. #20-2 at 1. Plaintiff says that he incorrectly identified Funk as Elder in his inmate complaint. In response, defendants argue that plaintiff should have filed a grievance against Funk after discovering his identity. However,

4

the Court of Appeals for the Seventh Circuit has held that "[i]n order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013).  Once plaintiff had raised the issue regarding self-harm, he was not required to file additional grievances about others present during the incident.

Moreover, even though plaintiff did not state in his inmate complaint that defendants Funk, Jaynes and Dicken also had seen him bang his head, inmates are not required to name specific defendants in their grievances.  Maddox v. Love, 655 F.3d 709, 722 (7th Cir. 2011) ("That Maddox didn't specifically name the defendants in the grievance was a mere technical defect that had no effect on the process and didn't limit the usefulness of the exhaustion requirement."). Plaintiff's inmate complaint about staff failing to protect him from self harm served its function by providing prison officials a fair opportunity to address it.  Plaintiff's claim that Funk, Jaynes and Dicken also walked away when they saw him banging his head on August 22, 2019 is directly related to the subject of his inmate complaint.  In fact, a review of the incident reports and the inmate complaint examiner's decision related to plaintiff's complaint show that the prison was on notice of the involvement of Dicken, Funk or Jaynes were involved or it had some knowledge of the self-harm incident.  These documents state that Mellem sent Funk to plaintiff's cell because plaintiff was upset about birthday cake and then sent Jaynes to plaintiff's cell after plaintiff began banging his head. Dkt. #20-2 at 3.  Dicken is identified in the incident report completed by Hulce regarding

5

the incident.  Id. at 6-7.

In sum, because plaintiff was clearly complaining about correctional officers' response to his attempt to harm himself, the inmate complaint examiner and reviewing authorities understood plaintiff's complaint to cover Funk, Jaynes and Dicken as well.  Therefore, I conclude that plaintiff has exhausted his administrative remedies as to his claims against Funk, Jaynes and Dicken and will deny defendants' motion for summary judgment on this ground.

Finally, defendants argue that plaintiff failed to exhaust the entirety of his conditions of confinement claim regarding his clinical observation status because his complaint no. WSPF-2019-15763 did not allege that he was placed in a security kilt in a cold cell.  In that complaint, plaintiff alleged that he was placed in an observation cell without soap, a washcloth, security blanket or a suicide smock to wear even though he had soiled himself while in restraints.  Plaintiff also alleged that he was housed next to an inmate who smeared feces on the walls and door and poured urine in their shared lock box.  However, in complaint no. WSPF-2019-15365 about the conditions to which he was subjected while on bed restraints, plaintiff alleged that he was later placed in observation status with only a security kilt, but he did not mention anything about his cell being cold.

I agree with defendants that plaintiff never complained about a cold cell or alerted them to that problem so that they could investigate it.  Although plaintiff mentioned the security kilt in an earlier complaint about a different issue, the Wisconsin Administrative Code requires that "[e]ach complaint may contain only one clearly identified issue."  Wis.

6

Admin. Code § DOC 310.07(1).  Plaintiff did not raise his complaint about the security kilt in his complaint regarding the conditions of the observation cell, instead improperly tacking it on to a complaint about a separate issue regarding bed constraints.  Therefore, I conclude that plaintiff failed to exhaust his administrative remedies with respect to his claim that defendants provided him nothing more than a security kilt for him to wear in his cold cell while he was on observation status from August 23 to 26, 2019.  This aspect of plaintiff's claim no. 4 will be dismissed.

B.  Motion to Compel

Plaintiff seeks three actions in his motion to compel.  First, he asks that the court order defendants to produce (1) the video footage that he previously requested be preserved in interview and information requests dated August 26, 29 and 30, 2019; and (2) videos of events that defendants Mellem and Scullion referred to in their responses to plaintiff's interrogatories.  Plaintiff has not otherwise identified the videos in his motion.  Defendants explain that they have produced six different videos of the events in question and told plaintiff how to watch them at the Wisconsin Secure Program Facility.  Plaintiff says that he watched the six videos, but he seems to believe that certain footage that he asked to be preserved is missing or that there should be other videos related to the incidents in question.  However, he has not identified the allegedly missing footage with any specificity.

The August 2019 interview and information requests that plaintiff submitted along with his motion, dkt. #25-2, show that prison officials approved many of the requests but

denied some as being unduly burdensome because they spanned several days or sought body camera footage from every staff member with whom he came in contact during an extended period of time. It appears that if plaintiff did not request a particular video with sufficient specificity in 2019, the video footage was not preserved. Defendants also point out that plaintiff did not ask the institution to preserve the videos of the incidents to which Mellem and Scullion refer in their discovery responses, so they are no longer available.

As an initial matter, the court cannot order production of a video that does not exist. E.g., Wells v. Govier, 2019 WL 3080852, at *1 (W.D. Wis. July 15, 2019); Williams v. Syed, 2019 WL 1517753, at *1 (W.D. Wis. Apr. 8, 2019). It is common for jails and prisons to record over old videos in the absence of notice that the video may be relevant to a lawsuit. E.g., Allen v. Richardson, 2018 WL 1997986, at *3 (W.D. Wis. Apr. 27, 2018); Thompson v. Christenson, 2016 WL 5939736, at *1 (W.D. Wis. Oct. 12, 2016). At summary judgment or trial, if plaintiff believes that defendants' testimony about what happened is inaccurate, he is free to submit his own testimony about his version of events based on his personal knowledge.

In his motion for in camera inspection, plaintiff asks the court to review all of the video footage produced by defendants to show that none of them are the videos that he asked to be preserved. The court will not review the video footage for plaintiff to determine what may be missing based on his 2019 interview and information requests. If plaintiff believes that certain footage that he asked to be preserved was not produced in the six videos made available to him, he should contact defense counsel and specifically describe the videos

8

he reviewed and why he believes they are not the videos that he requested to be preserved. He also should identify for defendants what he believes is missing from his requests that were not denied as unduly burdensome back in 2019. (Plaintiff should note that any video of the forced nudity incident is no longer relevant to his lawsuit because that claim has been dismissed.) If the parties are not able to resolve the issue after a good faith attempt to do so, only then should they contact the court for assistance.

Second, plaintiff asks the court to order defendants to respond to two sets of questions regarding two employees who allegedly completed behavioral health forms about plaintiff for the psychological services unit: Marie Lemieux and Angela Mink. Plaintiff's motion to compel this information will be denied because plaintiff did not ask defendants for this information previously and the relevancy of the information is unclear because neither individual is a defendant or has any obvious connection to the events in question in this lawsuit.

Third, plaintiff says that he has not yet received defendant Hulce's signed interrogatory responses. Because defendants have mailed plaintiff an additional copy of the signed response, plaintiff's request for this document will be denied as moot.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, dkt. #17, is GRANTED in part and DENIED in part:

9

  a. The following claims brought by plaintiff Sean Young are DISMISSED without prejudice for his failure to exhaust his administrative remedies before filing suit:

    i. Defendants Andrew Hulce, Crystal Dicken, Daniel Leffler and Paige Schrobilge forced him to walk through the hallway naked; and

    ii. Defendants Dr. Heather Schwenn, Leffler, Gary Ward and Lebbeus Brown provided him with nothing more than a security kilt for him to wear in his cold cell while he was on observation status from August 23 to 26, 2019.

  b. Defendants' motion for summary judgment is DENIED in all other respects.

  c. Defendants Andrew Hulce and Paige Schrobilge are DISMISSED.

  3. Plaintiff's motion to dismiss defendants Jaime Adams and Gary Ward, dkt. #25, is GRANTED and those defendants are DISMISSED.

  4. Plaintiff's motion to compel discovery, dkt. #25, and motion for in camera inspection, dkt. #30, are DENIED.

  Entered this 15th day of October, 2020.

          BY THE COURT:

          /s/
          _____
          BARBARA B. CRABB
          District Judge