IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN M. YOUNG,

                                      OPINION AND ORDER

                   Plaintiff,

                                   19-cv-994-bbc

        v.

DR. HEATHER SCHWENN, SGT. MELLEM,
FUNK, DICKEN, DUSTIN JAYNES, SCULLION,
S. GALLINGER, S. SCHNEIDER, LEFFLER, WEST
AND LARRY BROWN,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Sean M. Young, who is incarcerated at the Wisconsin Secure Program Facility, is proceeding on Eighth Amendment claims that prison staff failed to protect him from self-harm, forced him to walk through the hallway naked in front of male and female staff while they filmed him and laughed at him and kept him restrained for hours without clothing, blankets or bathroom breaks.  Plaintiff has filed two motions that are now before the court:  (1) a motion to strike the amended briefing schedule proposed by defendants and granted by the court, dkt. #41; and (2) a motion to compel defendants to produce certain video footage, dkt. #42.  Both motions will be denied.

First, in response to plaintiff's early-filed motion for summary judgment, defendants filed a motion to amend the briefing schedule set by the court so that they could file one brief that combined their arguments in support of their own motion for summary judgment and their arguments in response to plaintiff's motion.  Dkt. #39.  The court granted

defendants' motion.  Dkt. #40.  Plaintiff has moved to strike defendants' motion and presumably the new briefing schedule, arguing that it is unfair to make him file a reply in support of his motion for summary judgment at the same time he responds to defendants' motion for summary judgment.  Dkt. #41.  The motion will be denied.  It is the court's practice to set one briefing schedule for litigants' cross motions for summary judgment in order to streamline the briefing process for the parties and flesh out all of the issues in the case before the court considers the evidence presented by the parties.  Although plaintiff suggests that he will have to perform more work within a short period of time, that should not be the case.  Both parties' motions for summary judgment will address the same claims and events.  Therefore, plaintiff's response and reply briefs should contain substantially similar, if not identical, arguments that could be efficiently combined into one document, if plaintiff chooses to do so.  If plaintiff believes that he needs extra time to prepare his responses after he reviews defendants' filings, he may file a motion with the court to ask for a reasonable extension of his final briefing deadline.

Second, plaintiff has moved to compel defendants to produce video clips on his behalf to support his motion for summary judgment.  Dkt. #42.  Plaintiff says that he received copies of the video clips from defendants during discovery.  Defendants object to the request, arguing that they have not failed to respond to any discovery request made by plaintiff. However, as a courtesy and because defendants are planning to submit the videos with their own summary judgment materials, defendants have offered to file the videos with the court. Defendants say that there are eight videos, all of which were produced to plaintiff— seven

from August 22, 2019 ("parts 1 through 6" and "vestibule") and one from August 23, 2019. By plaintiff's count, he received only seven videos, but a review of defendants' responses to plaintiff's discovery requests show that a total of eight were produced to plaintiff. In any event, defendants will be filing all eight videos with the court along with their summary judgment materials.

Finally, another matter deserves attention. In his reply brief in support of his motion to compel, plaintiff used insulting and demeaning language to accuse defense counsel of withholding evidence during discovery. Dkt. #45 (referring to defense counsel as "Ms. Smarty Pants," a "shysty attorney"and having a "make-believe law degree"). This is not the first time that plaintiff has insulted defense counsel. See dkt. #27-6 at 1 (instructing defense counsel to "stop acting like an adolescent girl and playing childish games"); dkt. #21 at 5 ("Ms. Remington's online law degree should have taught her that arrogance/ignorance is no excuse for not knowing and abiding by the law."). This abusive behavior will not be tolerated. Plaintiff must stop insulting defense counsel and shall not make any comments about her personal characteristics, traits or experience. If this happens again, plaintiff's case will be dismissed with prejudice as a sanction for misconduct. Ramirez v. T&H Lemont, Inc., 845 F.3d 772, 776 (7th Cir. 2016) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 46-50 (1991) ("[A] court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct."); White v. Williams, 423 Fed. Appx. 645, 647 (7th Cir. 2011) ("Dismissal may be appropriate when a party has shown a

lack of respect for the court or proceedings."); <u>Mabie v. Executive Office for United States Attorneys</u>, 2020 WL 1550644, at *2 (S.D. Ill. Mar. 31, 2020) (dismissing plaintiff's lawsuit as sanction after counsel used profane, belligerent, and abusive language when speaking with opposing counsel).

ORDER

IT IS ORDERED that plaintiff Sean M. Young's motions to strike and to compel the production of video footage, dkt. ##41-42, are DENIED.

Entered this 22d day of April, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge